**ATLAS METAL COMPANY, Plaintiff-Appellee, v. NICKEL PLATE ROAD et al, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21913. Decided December 4, 1950.

252

H. P. Fetterman, Cleveland, for plaintiff-appellee.
Miller & Hornbeck, Cleveland, for defendants-appellants.

(PHILLIPS, J, of the Seventh District; GUERNSEY, J, and MIDDLETON, J, of the Third District, sitting by designation in Eighth District.)

## OPINION

Per CURIAM:

Plaintiff's petition failed to state a cause of action against the initial carrier under the provisions of §8994-1 GC, in that there was no allegation that plaintiff was the holder of a receipt or Bill of Lading; that the carrier received the shipment at a point within the state of Ohio for transportation to another point therein. Therefore, the Court erred in not sustaining the motion of defendant, Nickel Plate Railroad Company, for judgment upon the pleadings.

However, such defendant waived that error by not objecting to the admission of testimony by the plaintiff tending to prove that plaintiff was the holder of a receipt furnished it by the initial carrier and that such shipment was received by the carrier at one point in Ohio for transportation to another point therein curing such deficiencies in the allegations of the petition.

The fact that plaintiff filed its petition for recovery of damages against both the initial carrier and the terminal carrier which was permissible only at Common Law and not permissible under the provisions of §8994-1 GC. did not constitute an election of remedies by plaintiff precluding it from dismissing its petition as to the terminal carrier and seeking relief from the initial carrier pursuant to the provisions of that section. An election of remedies in cases of this character precluding plaintiff from proceeding under the provisions of §8994-1 GC, against the initial carrier would become effective

only when relief by way of the original remedy sought is on trial either granted or denied by the Court.

There is competent, credible and substantial evidence supporting the finding and judgment of trial court in favor of plaintiff and such finding and judgment is neither contrary to law nor against the manifest weight of the evidence.

The judgment of the trial court is affirmed. Exc. O. S. J.